**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4644**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRELL VINCENT LITTLETON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:18-cr-00103-WO-1)

Submitted: April 4, 2019                                     Decided: April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Vincent Littleton pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Littleton to 48 months' imprisonment, near the low end of his 46- to 57-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Littleton was advised of his right to file a pro se supplemental brief, but he has not filed one. The Government declined to file a brief.

Because Littleton did not move in the district court to withdraw his guilty plea, we review the plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Littleton] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Littleton satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Littleton's guilty plea, which Littleton entered knowingly and voluntarily.

Turning to Littleton's sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v.*

2

*United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id.* If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). We presume on appeal that a sentence within or below the properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Littleton's advisory Guidelines range, heard argument from counsel, provided Littleton an opportunity to allocute, and considered the § 3553(a) sentencing factors. Furthermore, Littleton has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. We conclude that Littleton's sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Littleton, in writing, of the right to petition the Supreme Court of the United States for further review. If Littleton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Littleton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*